STATE of Missouri,
Plaintiff–Respondent,

v.

Jeffery Brian WAELDER,
Defendant–Appellant.

No. 57960.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 18, 1990.

Rosalynn Koch, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KAROHL, Judge.

Defendant appeals conviction and twelve year sentence as a persistent offender for sale of 3.14 grams of marijuana on November 16, 1989, to an undercover police officer. The officer testified defendant sold him marijuana in the presence of defendant's friend, Rusty Davis. The officer acknowledged that Davis later claimed to own the marijuana. Defendant testified Davis made the sale. In a jury waived trial, the court believed the officer.

A few days before trial defendant filed a motion to suppress the officer's testimony. Defendant alleged: (1) Davis was present at the time of the alleged sale; (2) Davis received a suspended imposition of sentence after pleading guilty to a weapon charge on April 3, 1989; (3) the prosecutor knew an address for Davis when defendant's motion for discovery was filed on June 26, 1989; (4) defendant made numerous attempts to locate Davis through various law enforcement authorities but without success; and (5) failure to disclose Davis' address or produce Davis denied defendant due process rights. Accordingly, defendant requested suppression of the officer's testimony, dismissal of the charge with prejudice or other discretionary relief. We assume defendant requested suppression of the officer's testimony as a sanction for a discovery violation. Rule 25.16.

■ Defendant seeks a new trial solely because the trial court overruled the motion to suppress and allowed the officer to testify. Defendant is not entitled to a new trial on this ground for failure to prove a discovery violation. Even if there was a discovery violation, the motion and the hearing on the motion failed to establish any fundamental unfairness in the trial.

Defendant did not prove a discovery violation. He timely filed a request for any information which tended to negate guilt. The state has a duty to disclose material and information within its "possession or control." The duty is to disclose what is known to the prosecuting attorney or may be learned by reasonable inquiry. Rule 25.03(A)(9). Here the prosecuting attorney timely denied any knowledge of the location of Davis. Defendant did not prove the prosecution had actual knowledge or could have located Davis by reasonable inquiry. Davis was on probation but it was unsupervised. Defendant did not disprove an equal opportunity to locate his friend. Defendant's counsel canvassed various law enforcement authorities without success. There is no evidence the prosecuting attorney would have been able to do more.

■ Even *if* we assume a discovery violation by the state for failing to disclose a known location of Davis, defendant is not entitled to a new trial because he failed to prove fundamental unfairness or prejudice to his substantial rights. *See State v. Sykes*, 628 S.W.2d 653, 656 (Mo.1982).

Defendant did not allege, offer to prove, or prove what testimony Davis would or could present if located, subpoenaed and brought to court. The trial court could only speculate Davis may have testified in a manner to impeach or oppose the officer's testimony. It is at least as likely Davis would have refused to testify or supported the testimony of the police officer. Defendant has, therefore, not proven any fundamental unfairness or prejudice occurred where Davis was not located and did not testify.

We find no error in overruling defendant's Rule 25.16 motion for sanctions in the form of suppression of the police officer's testimony based on unproven allegations of a violation of discovery rules and in the absence of proof of available exculpatory evidence.

We affirm.

PUDLOWSKI, P.J., and GRIMM, J., concur.