STATE of Missouri, Respondent,

v.

Thomas VARNER, Appellant.

Thomas VARNER, Movant–Appellant,

v.

STATE of Missouri, Respondent.

Nos. 56905 and 59744.

Missouri Court of Appeals,
Eastern District,
Division Seven.

Sept. 22, 1992.

Deborah B. Wafer, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., Robin H. Grissom, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Chief Judge.

Defendant appeals a conviction of the class C felony of stealing, a violation of § 570.030.3 RSMo 1986. This case was previously tried twice. The first resulted in a mistrial when the jury was unable to reach a verdict, the second was a dismissal by motion of both parties. We now consider the appeal after a remand for an evidentiary hearing relating to a *Batson* claim. We reverse and remand for a new trial.

On July 2, 1986, defendant, Thomas Varner, was shopping at a Famous Barr in the City of St. Louis. James Mueller, a security guard recognized defendant and noticed suspicious behavior. Mueller watched as defendant walked into a storeroom marked "authorized personnel only." Defendant exited carrying two Famous Barr bags. Defendant saw Mueller approaching and repeatedly pressed a button for an elevator. He did not escape.

After identifying himself as a security guard, defendant agreed to accompany Mueller to the security office. During the interview, defendant gave Mueller a "crow name." When Mueller confronted defendant about the name, defendant confessed his real name.

Five issues were raised on appeal, one requires a new trial. Defendant alleges breach of discovery procedures by the prosecutor, error in not entering an appropriate sanction, and prejudice. The basis of this claim involves testimony by the security guard about defendant's use of a "crow name." This fact was not disclosed before or during the previous trials. Defendant's attorney was not informed until the morning the trial was scheduled to begin that the prosecution intended to introduce evidence of defendant's use of a "crow name." Defense counsel claimed surprise and asked for a continuance or exclusion of the evidence.

■ Rule 25.03(A) requires the prosecutor to disclose all information within its possession *or control.* (Our emphasis). The duty to disclose includes what is known to the prosecuting attorney or may be learned *by reasonable inquiry.* (Our emphasis). *State v. Waelder,* 800 S.W.2d 802, 803 (Mo.App.1990). The statement is within this definition. The trial court excused disclosure because it found the state "did not have this before them until this morning, and as soon as they received it, they did give it to the defendant. So it is not a question of them not complying with any discovery rules." However, if believed, the security guard prepared a report for his employer, Famous Barr, at the time he apprehended and questioned defendant. The state endorsed the guard and his testimony was critical. Reasonable inquiry by the prosecuting attorney would have certainly uncovered the report which would then be discoverable by defendant. The prosecutor had a duty of reasonable inquiry and a duty to produce the defendant's "statement." The contested ruling ignores the duty of reasonable inquiry which goes beyond what may be in an attorney's file.

■ If the discovery violation did not result in fundamental unfairness, the trial court did not abuse its discretion in refusing to sanction the prosecutor. *See State v. Parry,* 684 S.W.2d 441, 445 (Mo.App.

1984). In the current case, we are unable to state with any degree of certainty that no fundamental unfairness resulted. The contested new evidence was not introduced in the previous trials.

The record indicates both parties were in possession of a portion of the report prior to the trial. Apparently, the notation of use of a "crow name" was not included in any information furnished in response to the discovery request. The record gives no indication that defendant's attorney had prior knowledge of the "crow name" and defendant did not testify. Accordingly, he has never conceded he used a "crow name." Without prior knowledge of the claimed use, defendant's attorney had no opportunity to investigate the last minute claim of incriminating evidence. The record does not exclude the possibility defendant could have rebutted the evidence if disclosed when it was due. Therefore, the trial court erred in finding no violation by the prosecutor of discovery procedures.

■ We will dispose of one other claim of error because it may be an issue on retrial. Defendant alleges the trial court erred in not granting a mistrial when the prosecutor violated a pre-trial order. The order prohibited the prosecution from referring to defendant as a "known shoplifter." However, in his opening and closing statement, the prosecutor stated that the security guard recognized the defendant. Defendant claims this violated the order and is prejudicial because the jury would infer the security guard had recognized defendant solely from defendant's past criminal activity. We find the contention to be purely speculative.

Obviously, there was no direct violation of the order. We also find there was no indirect violation of the court's order. The trial court was in the best position to judge whether its own order was violated and the matter of prejudice. The word "recognized" is not synonymous with former crimes and does not compel a conclusion by a juror that defendant was recognized because of prior criminal activity, particularly as a "known shoplifter." Mueller could have recognized the defendant from a variety of experiences. The prosecutor drew no special attention to the term nor did he focus exclusively on that idea. The basis for recognition was never disclosed. Therefore, we find no violation of the pretrial order.

Reversed and remanded.

PUDLOWSKI and CRANDALL, JJ., concur.