**STATE of Missouri, Respondent,**

v.

**John CHILDERS, Appellant.**

**John CHILDERS, Movant,**

v.

**STATE of Missouri, Respondent.**

**Nos. 60470, 62221.**

Missouri Court of Appeals,
Eastern District,
Division Three.

April 27, 1993.

Craig A. Johnston, Lew A. Kollias, Office of the State Public Defender, Columbia, for appellant.

William L. Webster, Atty. Gen., Hugh L. Marshall, Asst. Atty. Gen., Jefferson City, for respondent.

SMITH, Judge.

Defendant was convicted by a jury of felony stealing and two counts of misdemeanor assault and was sentenced by the court as a prior and persistent offender to twelve years imprisonment on the felony to run consecutively with two concurrent sentences of nine months on the assault charges. The trial court also denied movant's post-trial motion pursuant to Rule 29.15 on the basis of untimeliness without appointing counsel. The appeals from judgment and denial of the motion are con solidated herein. We reverse and remand.

Defendant was observed through a surveillance camera by security guards at a Sears store taking two Nintendo games

from the shelf and placing them in a plastic bag. He was accompanied by his young son and another man. The three were observed to leave the store without paying and were stopped by the security officers outside the store. When the guards identified themselves the defendant hit one of them and his companion also engaged in the altercation. Eventually defendant was subdued and taken to the surveillance office where defendant allegedly asked for a "break" either for himself or for his companion.

■ On the day of trial the prosecution presented to the defense certain materials which it intended to offer in the trial. Those included photographs of defendant and his companion, a photograph of the injured knee of one the security guards, a computer printout showing the value of the Nintendo systems, a photo of the game systems with an attached legend, and reports of the security guards which included defendant's alleged statements. Defendant requested a continuance which was denied. Defendant's first point is premised upon the failure of the trial court to grant a continuance because of the late production of discovery by the prosecution. The state makes no contention that the reports of the guards who testified at the trial or the oral statements attributed by the guards to the defendant were provided to the defense before the day of trial. The prosecution asserted that it had not received the material until the day before trial. It made no contention that it could not have obtained the material if it had requested.

Defendant's request for discovery was made nineteen months prior to trial. It requested *in haec verba* (with one exception) the nine listed items of material and information set forth in Rule 25.03(A) as well as some additional information. The record reflects no response to the request other than a letter from the assistant prosecuting attorney suggesting defense attorney contact him to arrange an agreeable time for counsel to inspect the pertinent portions of "our" files. At the time of the request for continuance the prosecuting attorney advised that he had not received the materials produced that morning until the preceding day. Such material was not therefore a part of the prosecutor's file at any time prior to the day before trial and could not have been examined by the defense counsel in answer to the letter from the prosecuting attorney.

The one exception to the language of Rule 25.03 alluded to previously was in paragraph 6 which attempted to track the language of subparagraph 6 of the rule. The subparagraph of the rule reads: "Any books, paper, documents, photographs, or objects, which the state intends to introduce into evidence at the hearing or trial *or* which were obtained from or belong to the defendant." The underlined word was omitted from the defendant's request for discovery and that omission substantially alters the scope of the request and limits it to books, paper, documents, photographs or objects which were obtained from or which belong to the defendant and which the state intends to offer at trial. It does not request those items which the state intends to offer which were not obtained from or which belong to defendant. While the omission was probably typographical it is critical. The photographs and computerized price list did not fit the description of the motion to produce and the failure to produce them did not constitute a violation of discovery.

■ The same is not true of the reports of the security guards and the failure to provide the substance of oral statements by the defendant made to the guards. That information was clearly required by the request for discovery and is mandated by Rule 25.03. The prosecution is not excused from informing defendant that it intends to use evidence on the grounds that the evidence is not in its possession. "Failure to gain actual possession of evidence, by itself, does not justify the failure to inform the defendant of the intent to use material evidence at trial." *State v. Whitfield*, 837 S.W.2d 503 (Mo. banc 1992) [1]. No other justification was given and none appears of record. Statements made by a defendant which are inculpatory are almost by definition prejudicial. A defendant is entitled to know before trial, after request, what evidence of that sort is to be intro-

duced by the state. Failure to supply such information is a violation of Rule 25.03 and cannot be condoned. *See State v. Varner*, 837 S.W.2d 44 (Mo.App.1992). The prosecution clearly violated Rule 25.03, no legitimate reason was advanced for such violation, the material not revealed was prejudicial, and defendant had no opportunity to prepare his defense against such evidence.

The state contends that the defendant failed to preserve the matter. Defendant requested the continuance prior to the commencement of trial, objected to the testimony of the guards about defendant's statements on the basis that the state had failed to provide the material pursuant to discovery request, and raised the matter specifically in the motion for new trial. There is no absence of preservation.

Defendant raises several additional issues but they are unlikely to arise in the same context at retrial so we need not discuss them. Defendant also challenges the sufficiency of the evidence to make a submissible case. That contention is without merit.

Judgment is reversed and cause remanded for new trial.

GARY M. GAERTNER, P.J., and STEPHAN, J., concur.