**STATE of Missouri, Respondent,**

v.

**Regina CARLISLE, Defendant–Appellant.**

**No. 74107.**

Missouri Court of Appeals,
Eastern District,
Division Three.

June 22, 1999.

Craig Allen Johnston, Columbia, for appellant.

John Munson Morris, III, Atty. Gen., Kevin Francis Hennessey, Asst. Atty. Gen., Jefferson City, for respondent.

LAWRENCE E. MOONEY, Judge.

Regina Carlisle ("Defendant") appeals the judgment entered upon her conviction for the class C felony of stealing. Defendant contends the trial court abused its discretion in permitting the state to use her written confession, the existence of which the prosecution did not disclose until the morning of trial, and in refusing to grant a continuance. Defendant argues this denied her the right to a fair trial and timely discovery as guaranteed by Rule 25.03. We affirm.

Sergeant Michael Lewis of the Northwoods Police Department stopped Defendant for speeding in a 1997 green Nissan Maxima on Lucas and Hunt Road. The car did not have a license plate and had a Southfield Nissan sticker on the window. Sergeant Lewis asked the Defendant for her license. Defendant could not produce a license and gave the false name of Regina Long. When Defendant got out of the car, Sergeant Lewis found her purse that contained documents revealing her true identity.

Lewis ran the name and the dispatcher told him she was wanted. He also ran the vehicle identification number, which showed Southfield Nissan to be the owner of the car. Lewis then took Defendant into custody and placed her in a police car.

Defendant escaped from the police car. The police called the Defendant's relatives and asked to have her call the police department. The police placed a tap on the line. When the Defendant called, the police traced the call and arrested the Defendant in St. Charles. The police took the Defendant to the Northwoods police station.

At the Northwoods police station, the Defendant was advised of her Miranda rights. Defendant agreed to make the following written statement.

I was driving a Nissan Maxima that I had a key to. A man named Craig, who stays in Lucas and Hunt Village and drives a 94 white Town car, and a friend of his named Breeze, run a ring of cars through Lucas and Hunt Village. They pick out two locations of the cars and inform us runners and we go pick them up. We usually have gotten the keys from visiting the dealership or we have the keys made. Breeze used the driver's license of James Griffin.

The day we test drove the Camaro, Floyd Brookfield was also following me in a Camaro the night of my arrest.

I have been dealing with Breeze and Craig since the end of January.

Following Defendant's written confession, she was released into the custody of Detective Peterson of the St. Louis County Police Department, who was investigating

the theft of the Nissan Maxima from the dealership. Detective Peterson read Defendant her Miranda rights and took her to county headquarters.

While en route she volunteered that she knew where the person lived to whom she takes the cars. When they arrived at the apartment complex where she said the leader of the car theft ring lived, they could not find the ringleader's apartment.

Detective Peterson then brought the Defendant to county headquarters. Defendant signed and initialled a warning and waiver of rights form. She agreed to make an oral statement, and confessed that she acted in concert with Terrance Meyers to steal the 1997 Nissan Maxima from Southland Nissan Dealership. She gave details about the theft and her accomplices that tracked her earlier written confession.

Three months before trial, the trial court entered an order whereby all exhibits were to be marked and made available to opposing counsel for inspection prior to trial, and that all discovery would be completed by January 7, 1998. On November 17, 1997 Defendant filed a request for discovery which included "any written or recorded statements and the substance of any oral statements made by the Defendant" as provided in Rule 25.03.

The prosecution did not disclose the existence of the written confession until the morning of trial, after voir dire had been conducted. The assistant prosecutor claimed she did not know of the existence of the written confession until the morning of trial. Defense counsel requested a continuance. The court denied the request for a continuance, but granted him several hours to consult with his client and to add the written statement to her motion to suppress.

After the half-day recess, the trial proceeded. At trial, Defendant testified that she thought the car belonged to her boyfriend and that she did not know the car was stolen. She testified that the police told her if she gave a written confession they would let her go home. Defendant also claimed she did not make an oral confession at the county headquarters regarding the theft of the Nissan Maxima. She also claimed that she was "roughed up," and that she was repeatedly strip-searched. During the course of the trial the Defendant objected to the introduction of the written confession. At the close of trial, Defendant filed a motion for a new trial alleging the late disclosure of the written confession did not give her sufficient time to prepare her legal defense.

The jury found Defendant guilty of the Class C felony of stealing a motor vehicle. She was sentenced to prison for six years and fined $5,000.00. After trial, the Defendant filed a motion for a new trial. The trial court denied the motion.

▮▮▮ The determination of whether the State violated a rule of discovery rests within the sound discretion of the trial court. *State v. Neil*, 869 S.W.2d 734, 738 (Mo. banc 1994). If a discovery violation occurs, the trial court also has discretion in selecting the appropriate remedy. *State v. Kinder*, 942 S.W.2d 313 (Mo. banc 1996). An abuse of discretion occurs where the remedy selected results in fundamental unfairness to the defendant. *State v. Scott*, 943 S.W.2d 730, 735 (Mo.App. W.D. 1997). Fundamental unfairness turns on whether there was a reasonable likelihood that an earlier disclosure of the requested evidence would have affected the result. *Id.*

Defendant claims that the State violated Rule 25.03, which provides that the State shall, upon written request of defense counsel, disclose to the defense counsel any written or recorded statements and the substance of any oral statements made by the defendant. Further, Defendant contends that the court's decision to grant only a half-day recess, and the court's failure to grant a continuance to remedy the violation of 25.03 resulted in fundamental unfairness and affected the outcome of trial. The state does not contest the violation of Rule 25.03, but rather claims that the trial court's failure to grant the contin-

uance did not result in fundamental unfairness because it did not affect the outcome of the trial.

 There is substantial case law to support Defendant's position that late disclosure of a confession affects the outcome of a trial. Missouri courts have consistently reversed convictions based on a defendant's statements that the prosecutor failed to disclose in violation of Rule 25.03. *State v. Willis*, 1999 WL 124340 (Mo.App. W.D.1999). Inculpatory statements, carrying such great weight with the jury, demand disclosure, and violations of the rule are examined with grave suspicion. *Scott* at 739. Violations of this rule are examined with grave suspicion because statements made by the defendant are almost by definition prejudicial. *State v. Childers*, 852 S.W.2d 390, 391 (Mo.App. E.D.1993). After making a proper request, a defendant is entitled to know before trial, what evidence concerning confessions is going to be introduced by the state. *Id.* at 391. A defendant is entitled to know of the inculpatory statements because that evidence often "looms as the critical evidence against him." *State v. Harrington*, 534 S.W.2d 44 (Mo. banc 1976).

Defendant puts great emphasis on *State v. Varner*, 837 S.W.2d 44 (Mo.App. E.D. 1992), *State v. Childers*, 852 S.W.2d 390 (Mo.App. E.D.1993), and *State v. Harrington*, 534 S.W.2d 44 (Mo. banc 1976) to show the trial court abused its discretion.

In *State v. Varner* on the day of trial the prosecution disclosed the existence of statements made by the defendant to a store security guard in which the defendant gave a "crow name." *Varner*, at 45. The defendant moved for a continuance, but the trial court denied the motion. *Id.* We held that the failure to grant a continuance resulted in fundamental unfairness and remanded for a new trial. *Id.* at 46.

In *State v. Childers*, the prosecution disclosed on the day of trial the existence of defendant's statement to a security guard in which he asked the guard to "give me a break". *Childers* at 391. The trial court

refused to grant a continuance, but we held that the late disclosure resulted in fundamental unfairness to the defendant. *Id.* The case was remanded for a new trial. *Id.* at 392.

In *State v. Harrington*, the prosecutor disclosed the existence of inculpatory statements made by the defendant on the day of trial. *Harrington* at 46. The trial court did not grant a continuance. *Id.* The Supreme Court found the trial court abused its discretion and remanded for a new trial. *Id.* at 50.

However, our case is distinguishable from the cases above because here the trial court granted a recess, and further, an independent oral confession was properly disclosed and admitted into evidence. Because of these factual differences, the late disclosure of this confession, unlike the late disclosure of other confessions, did not result in fundamental unfairness because it did not affect the outcome of the trial.

 The first major difference is that the trial court granted a recess. A recess is one of the remedies contemplated by statute for discovery violations by the state. *State v. Couch*, 569 S.W.2d 789, 791 ( Mo.App. 1978). The trial court's decision to grant a recess served the basic purpose of the discovery process and preserved the fundamental fairness of the trial.

 The basic purpose of the discovery process is to permit the defendant a decent opportunity to prepare in advance of trial and avoid surprise. *State v. Johnson*, 524 S.W.2d 97, 101 (Mo. banc 1975). Where counsel is surprised by opposing evidence at trial, but deals with the evidence in precisely the same manner as if he had been fully prepared, there is no surprise and there is no effect on the trial. *State v. Kilgore*, 771 S.W.2d 57, 66 (Mo. banc 1989).

The recess allowed the defense counsel to discuss the confession with the Defendant and to add the written confession to the motion to suppress. If the court had

granted the defense counsel more time, there is not much more he could do. The court granted the Defendant enough time to deal with the evidence in the same manner as if there had been timely disclosure. In a similar case this court held that the remedy of a one-day continuance for the late disclosure of a police report containing inculpatory statements was not an abuse of discretion because the continuance gave the Defendant time to meet with the officer and investigate the report. *State v. Merrick,* 677 S.W.2d 339 (Mo.App. E.D.1984). The Court's decision to grant a recess rather than a continuance did not result in fundamental unfairness.

■ The second major factual difference from the cited cases is the existence of an independent oral confession. The police did not have an independent confession in any of the other cases. There is no question that the oral confession was properly disclosed and admitted.

■ It is settled that error in admitting evidence will not be considered prejudicial where similar evidence is properly admitted elsewhere. *State v. Matheson,* 919 S.W.2d 553, 557 (Mo.App. W.D.1996). Where the evidence at issue is duplicative of other admitted evidence, the admission of such evidence does not constitute prejudice. *State v. Candela,* 929 S.W.2d 852, 870 (Mo.App. E.D.1996).

The evidence established by the contested written confession was clearly duplicative of the evidence established by the oral confession. The oral confession established that the Defendant stole the car and that she was part of a car theft ring. The written confession did not establish any new facts. Although a written confession typically carries more weight with a factfinder than an oral confession, the Defendant and her counsel were on notice that they would be confronted with a confession of guilt in the state's case. The admission of the written confession consistent with the properly disclosed and admitted confession did not result in fundamental unfairness because it did not affect the outcome of the trial. *See State v. Aston,* 412

S.W.2d 175, 184 (Mo.1967) (admission of written confession, over objection, could not constitute prejudicial error, since the oral confession, which included all elements of the written statement, had been fully heard by the jury).

The judgment of conviction is affirmed.

SIMON, P.J., and CRANE, J., concur.