**STATE of Missouri, Respondent,**

v.

**Steven M. SUTHERLAND, Appellant.**

**No. ED 74659.**

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 23, 1999.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 7, 2000.

Application for Transfer Denied
March 21, 2000.

Gael D. Wood, James W. McGettigan, Jr., Washington, Mo., for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for Respondent.

PAUL J. SIMON, Judge.

Steven Sutherland, appellant, appeals his conviction under Section 195.211 RSMo. 1994 (all further references shall be to RSMo 1994 unless otherwise noted) for possession of a controlled substance with intent to deliver.

Appellant contends the trial court erred in denying: (1) his motion for judgment of acquittal because the evidence was insufficient to support a conviction in that the evidence failed to establish beyond a reasonable doubt that appellant had "knowing and conscious" possession of the marijuana; (2) his motion in limine and overruling his objections to the admission of his inculpatory statements through the testimony of a highway patrol officer because there was no evidence, independent of the inculpatory statements, to prove the corpus delicti of possession of a controlled substance with intent to deliver; and (3) his motion to suppress his inculpatory statements and overruling his objections to their admission into evidence because those statements were involuntarily made in that they were obtained from appellant in exchange for promises of leniency. We affirm.

On a challenge to the sufficiency of the evidence in a criminal case, our review is limited to a determination of whether there is sufficient evidence from which a reasonable juror, or in this case the trial court as the fact finder, might have found the defendant guilty beyond a reasonable doubt. *State v. Dulany*, 781 S.W.2d 52, 55 (Mo.banc 1989). We accept as true all of the evidence favorable to the state, including all favorable inferences to be drawn from the evidence, and disregard all evidence and inferences to the contrary. *Id.*

The record reveals that on June 3, 1996, the United Parcel Service (UPS) Center in Tempe, Arizona, received a package from Sun Optics addressed to Streibig Development Corporation (Streibig) in Pacific, Missouri. Richard Nichols, an UPS employee, testified that employees of UPS, checking the parcel for proper packaging, discovered what they believed to be marijuana inside and called the police. Joseph Schiefer, a police officer from Tempe, Arizona, testified that when he arrived at UPS he observed the package and identified the contents as marijuana. He further testified that the package containing marijuana weighed nineteen pounds and that upon investigation, it was discovered that Sun Optics was a fictitious company.

The police in Arizona took approximately two pounds of the marijuana for their investigation and forwarded the remainder in its original packaging to the police in Pacific, Missouri. The Pacific Police Department then made arrangements for a controlled delivery of the package to take place at Streibig, the original destination.

Prior to the delivery, the police obtained an anticipatory search warrant for the premises at Streibig. On the morning of June 6, 1996, Trooper Leonard, an undercover Highway Patrol Officer posing as an UPS employee, delivered the package. Appellant, who was the designated shipping clerk for Streibig, received and signed for the package.

The warrant was executed approximately 50 minutes to an hour after the delivery. Upon searching the premises, officers found the package of marijuana unopened, among other packages, in the receiving and shipping area of the business. Appellant was found working 35 to 40 feet from where the package was located in another part of the building. Since Appellant received and signed for the package, the police began their investigation with him.

Police informed appellant of his Miranda rights and questioned him regarding his knowledge of the delivery of the marijuana. When asked by Corporal Wakefield of the Missouri Highway patrol if he knew that marijuana had been delivered to Streibig that day, appellant said, "No." Later, Corporal Wakefield told appellant that if he cooperated, Wakefield would speak to the prosecuting attorney and advise him of his cooperation. He also told

appellant that he thought appellant would be a good candidate for probation. During the questioning which followed, appellant made several incriminating statements, namely; that he was only expecting ten pounds of marijuana; that he was supposed to deliver the drugs to another person; that this was the first time he had used the office as a delivery site; and that he was to receive five hundred dollars ($500.00) and some of the drugs for his efforts.

Later, appellant was charged with possession of a controlled substance with intent to deliver under Section 195.211. Prior to trial, appellant filed motions in limine and to suppress. In his motion in limine, he argued that his statements made to Corporal Wakefield were inadmissible at trial because there was no independent corroborating proof of the corpus delicti of the crime. In his motion to suppress, appellant argued that his statements or alleged confessions were illegally obtained by promises of leniency. Both motions were denied.

At trial, appellant objected to the admission of his inculpatory statements on the grounds stated in his motion in limine and motion to suppress, but the trial court overruled the objections. At the close of plaintiff's evidence and the close of all the evidence, appellant moved for a judgment of acquittal, which the trial court denied. The trial court found appellant guilty and ordered a pre-sentence investigation. Subsequently, the trial court sentenced appellant to five years in the custody of the Missouri Department of Corrections.

■ We initially address appellant's second point. Appellant contends the trial court erred in denying his motion in limine and overruling his objections to the admission of his inculpatory statements through the testimony of Corporal Wakefield because there was no evidence independent of his inculpatory statements to prove the corpus delicti of possession of a controlled substance with intent to deliver. Specifically, appellant claims that, other than his inculpatory statements, there exists no evidence that he or anyone at Streibig was in knowing and conscious possession of the marijuana contained in the package.

■ To sustain a conviction for possession of a controlled substance with intent to deliver, the State must prove that appellant had (1) conscious and intentional possession of the substance, either actual or constructive, (2) awareness of the presence and nature of the substance, and (3) the intent to deliver the substance. *State v. Moore*, 930 S.W.2d 464, 467 (Mo.App. E.D. 1996); Section 195.211

■ It is established law in Missouri that when the corpus delicti has not been sufficiently proven, an uncorroborated extrajudicial confession of guilt cannot be regarded as evidence tending to show guilt. *State v. Worley*, 375 S.W.2d 44, 46 (Mo.1964). However, the corpus delicti has not been construed to require or consist of more than these two elements: (1) Proof, direct or circumstantial, that the specific loss or injury charged occurred; (2) someone's criminality as the cause of the loss or injury. Or simply, (1) the act; (2) the criminal agency of the act (other than the accused's confession). *Id.* Requiring proof of the entire charge in order to establish the corpus delicti is inconsistent with the theory of corpus delicti, which is, in essence, the fact that a crime actually has been committed. *Id.* Thus, a prior showing of the criminal agency of the appellant is not required prior to admission of his statements. *State v. Sledge*, 471 S.W.2d 256, 260 (Mo.1971).

Here, essentials of the corpus delicti would be supplied by evidence of the presence of the controlled substance in such circumstances as would warrant the conclusion that it had been in the knowing possession of some person who had the intent to deliver it.

The record indicates that a package containing approximately nineteen pounds of marijuana was sent via UPS from a ficti-

tious optical company to Streibig. The marijuana was discovered by UPS employees and was turned over to the police in Arizona, who removed a portion of the marijuana for their investigation and forwarded the remainder to the Pacific Police Department. The Pacific Police then conducted a controlled delivery of the package to Streibig, where appellant received and signed for the package. Clearly, whoever packaged and shipped the marijuana knew its nature, knew he possessed a controlled substance and had the intent to deliver the package to someone at Streibig. The circumstances of the transportation and location of the marijuana at the time of its discovery in Arizona, and its packaging and labeling are sufficient to establish, in this case, the corpus delicti of possession with the intent to deliver, and to permit the admissibility of appellant's statements. Point denied.

■ In his first point, appellant contends the trial court erred in denying his motion for judgment of acquittal because the evidence was insufficient to support a conviction in that the evidence failed to establish beyond a reasonable doubt that appellant had "knowing and conscious" possession of the marijuana. Appellant argues that other than that he received the package containing the marijuana, there was no evidence that appellant would have more knowledge regarding the marijuana than anyone else in the building prior to the execution of the search warrant.

While appellant was not the sole person with access to the shipping and receiving area of Streibig, he was the designated shipping clerk and the individual who received and signed for the package. Further, while appellant responded "No" when initially asked whether he knew that the package contained marijuana, during further questioning, he made statements indicating that he was aware the package contained marijuana. He stated he was only expecting ten pounds of marijuana; that he was supposed to deliver the drugs to another person; that this was the first

time he had used the office as a delivery site; and that he was to receive five hundred dollars ($500.00) and some of the drugs for his efforts. Under these circumstances, the evidence is sufficient to support a finding that appellant knew that the package contained marijuana and that he had "knowing and conscious possession" of the marijuana. Point denied.

■ In his third point, appellant contends the trial court erred in denying his motion to suppress his inculpatory statements and overruling his objections to their admission into evidence because those statements were involuntarily made in that they were obtained from appellant in exchange for promises of leniency.

■ While a confession resulting from a direct or indirect promise of leniency is inadmissible, officers' statements to a suspect that cooperating is in his or her best interests are not improperly coercive and do not, as a matter of law, render a confession involuntary. *State v. Simmons*, 944 S.W.2d 165, 175 (Mo.banc 1997). The test for whether a confession is voluntary is whether the totality of the circumstances created a physical or psychological coercion sufficient to deprive the defendant of a free choice to admit, deny or refuse to answer the examiner's questions. *Simmons*, 944 S.W.2d at 173. On appeal, the evidence pertaining to the admissibility of appellant's confession is reviewed in the light most favorable to the trial court's ruling. *Id.* Any conflicts in the evidence are for the trial court to resolve, and we will defer to the trial court's superior position from which to assess credibility. *Id.*

The record reveals that, during appellant's interrogation, Corporal Wakefield told him that "if [appellant] cooperated 100 percent, [Corporal Wakefield] would approach the [prosecuting attorney], advise [him] of [appellant's] 100 percent cooperation and ask for permission to further the investigation." Corporal Wakefield also told appellant that "if [he] cooperated and the investigation was successful, that he

may be a good candidate for probation." Appellant contends that these statements were promises of leniency, that his inculpatory statements were coerced by such promises, and that his statements were therefore inadmissible.

The record clearly indicates that appellant was not subjected to any undue physical or psychological pressure and was not coerced by promises of leniency. He was informed of his Miranda rights at the time of his arrest and agreed to further questioning. The questioning took place at Streibig in a small office, which appellant selected. During the questioning appellant was not physically restrained and was neither threatened nor intimidated. The questioning lasted approximately thirty minutes. During the questioning, Corporal Wakefield told appellant that "if he cooperated 100 percent, he would advise the prosecuting attorney of his 100 percent cooperation...." He also advised appellant that "if he cooperated and the investigation was successful, that he may be a candidate for probation." In *Simmons*, defendant was interrogated for two hours, was never touched, threatened or physically harmed, but was told that "he could possibly face the death penalty" and that "it would be better for him if he told the truth." *Simmons*, 944 S.W.2d at 175. Our Supreme Court found that these statements were not coercive and that under those circumstances plaintiff was not deprived of a free choice to admit, deny or refuse to answer the detective's charges, and was not subjected to such psychological coercion that his will was overborne at the time he confessed *Id.* at 176.

Likewise, here Corporal Wakefield's statements to appellant were not threats, promises or guarantees of leniency. The statements simply encouraged appellant to cooperate and commented about the possible outcome of a criminal case against appellant. We do not find that these circumstances created a physical or psycho-

logical coercion sufficient to overborne defendant's will. Point denied.

Judgment affirmed.

GARY M. GAERTNER, P.J. and JAMES R. DOWD, J., concur.