**STATE of Missouri, Respondent,**

v.

**Roger Scott SIMMS, Appellant.**

**No. WD 62134.**

Missouri Court of Appeals, Western District.

March 2, 2004.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 27, 2004.

James R. Wyrsch, Kansas City, MO, for appellant.

Andrea K. Spillars, Jefferson City, MO, for respondent.

Before HOWARD, P.J., LOWENSTEIN and SMART, JJ.

HAROLD L. LOWENSTEIN, Judge.

Roger Simms was convicted by a jury of three counts of stealing, Section 570.030.[1] He was sentenced to concurrent terms of five years for each count. On appeal, Simms alleges that the trial court erred by admitting incriminating statements made to the police, because the statements were

---

1. All statutory references are to RSMo. (2000) unless indicated otherwise.

induced by promises of leniency. He also argues that the trial court abused its discretion by not declaring a mistrial as a sanction for discovery violations committed by the State. Finally, Simms argues his conviction should be overturned, because the trial court improperly admitted evidence of uncharged misconduct. The judgment is affirmed.

## BACKGROUND

Simms was employed as the livestock manager of a cattle ranch, where his duties included selling cattle belonging to his employer, Dr. Long. After an incident where Simms rebranded a cow that had no identifying marker, Dr. Long began to suspect Simms of stealing cattle from his ranch. Following an investigation, Simms was charged with the theft of eleven cows owned by Dr. Long.[2] Relevant facts are set out in the analysis of the points raised on appeal.

## I.

█ Simms claims that the trial court erred in failing to suppress incriminating statements that he made to law-enforcement officers. Simms alleges that he made these statements, because the interrogating officers made either a direct or implied promise of leniency when they told him that he could receive probation if he cooperated.[3]

█ A confession is inadmissible if it is procured by a direct or implied promise of leniency. *State v. Simmons*, 944 S.W.2d 165, 175 (Mo. banc 1997). However, an officer's statements indicating that cooperation is in the best interests of the suspect are not improperly coercive and do not make a statement involuntary. *Id.* On appeal, the evidence relating to the admissibility of the appellant's statements is reviewed in a light most favorable to the trial court's ruling. *Id.* at 173. Any conflict as to such evidence is to be resolved by the trial court, and the reviewing court must defer to the trial court's credibility determinations. *Id.*

Here, there was no express or implied promise of leniency. The officers mentioned the possibility of probation to Simms. Specifically, the officers stated that Simms would be a "good candidate for probation." At most, the statements made to Simms were encouragement to cooperate. "If defendant had a hope of leniency, that hope 'springs from the seeds of his own planting [and] is not sufficient to render the resulting confession inadmissible.'" *State v. Schnick*, 819 S.W.2d 330, 336 (Mo. banc 1991) (quoting *State v. Hunter*, 456 S.W.2d 314, 321 (Mo.1970)) (internal quotations omitted).

In a similar case, the interrogating officer had made statements indicating that the suspect would be a good candidate for probation if he cooperated with the investigation. *State v. Sutherland*, 11 S.W.3d 628, 632–33 (Mo.App.1999). The court held that this statement merely encouraged cooperation by the suspect and only commented on a possible outcome of the criminal case. *Id.* at 633. Because there was no promise of leniency made, Simms's statements were properly admitted.

---

2. Simms was originally charged by information with five counts of stealing. Count I alleged the theft of four cows in April 2001; Count II alleged the theft of four cows in January 2001; Count III alleged the theft of three cows in September 2000; Count IV and Count V were dismissed by the State prior to trial.

3. Simms does not allege that the police failed to warn him of his *Miranda* rights prior to interrogation and is not arguing that his statements were involuntarily made for that reason.

## II.

■ Simms also claims that the trial court should have declared a mistrial when the prosecution elicited testimony about oral statements Simms made to the police, because the prosecution failed to disclose such statements. Rule 25.03 requires the State, upon written request of defendant's counsel, to disclose "[a]ny written or recorded statements and the substance of any oral statements made by the defendant." There is no dispute that the defendant made a timely written request for disclosure, nor has the State contested that its failure to disclose was a violation of Rule 25.03.

■ When a discovery violation has occurred, the trial court has discretion to fashion an appropriate remedy. *State v. Scott*, 943 S.W.2d 730, 735 (Mo.App.1997). Such discretion is abused when the "remedy results in a fundamental unfairness to the defendant, or the outcome of the case has been altered." *Id.* Fundamental unfairness "turns on whether there was a reasonable likelihood that an earlier disclosure of the requested evidence would have affected the result of the trial." *Id.* at 735–36. Furthermore, a mistrial is a drastic remedy and should be granted only in extraordinary circumstances. *State v. Pope*, 50 S.W.3d 916, 921 (Mo.App.2001).

At trial, the prosecution elicited testimony from Deputy Moreland pertaining to oral statements made by Simms:

Q. Was [sic] there any admissions or discussions made to you outside the words written on that page about the cows or the circumstances or the charge?

A. Yes.

Q. What?

A. That he'd taken some cows—

At that point, defense counsel objected to the testimony based on the prosecution's failure to disclose in violation of Rule 25.03. The trial court sustained the objection, struck the testimony, and instructed the jury to disregard the answer. However, the court denied defense counsel's request for a mistrial. Simms argues that the remedy granted was insufficient to cure the harm caused.

■ Simms cites *State v. Hahn*, 37 S.W.3d 344, 353 (Mo.App.2000), for the proposition that "error in admitting incompetent evidence which is highly prejudicial is generally not cured by an instruction withdrawing it from the jury's consideration." Simms also asserts that "[s]tatements made by a defendant which are inculpatory are almost by definition prejudicial." *State v. Childers*, 852 S.W.2d 390, 391 (Mo.App.1993). However, "[i]t is well-settled that error in admitting evidence will not be considered prejudicial where similar evidence is properly admitted elsewhere in the case or has otherwise come into evidence without objection." *State v. Matheson*, 919 S.W.2d 553, 557–58 (Mo. App.1996).

Here, there could be no prejudice to Simms, because there was similar evidence properly admitted, in the form of a written statement [4] that also indicated that Simms had taken cows from the victim. Therefore, Deputy Moreland's brief testimony, that Simms said that he had taken some cows, did not reveal any evidence that was not already before the jury's consideration and was merely cumulative evidence.

---

4. Simms does argue that the written statement should not have been admitted because it was made in response to a promise of leniency. However, this court finds that there was no such promise of leniency. *See supra.* Therefore, the written statement was properly admitted.

This case is similar to *State v. Carlisle,* 995 S.W.2d 518 (Mo.App.1999). In *Carlisle,* the State failed to disclose a written confession by the appellant as required by Rule 25.03. *Id.* at 520. The trial court denied appellant's request for a continuance and ordered a recess instead. *Id.* Ultimately, the trial court permitted the prosecution to admit the written confession despite the discovery violation. *Id.* However, there was no prejudice to the appellant, because the written confession was cumulative to an oral confession properly admitted into evidence. *Id.* at 522.

Simms also complains of a second statement that was admitted despite the State's failure to disclose prior to trial. During rebuttal, Deputy Martin testified that Simms had indicated that he had taken the cows because of financial problems. No objection to the testimony was made until the next day. Because Simms failed to make a timely objection, this court may review for plain error only. Rule 30.20. However, "[t]he 'plain error' rule is to be used sparingly and may not be used to justify a review of every point that has not been otherwise preserved for appellate review." *State v. Roberts,* 948 S.W.2d 577, 592 (Mo. banc 1997).

Before conducting plain error review, a reviewing court must first determine whether the trial court's action would amount to manifest injustice, assuming the court's action was erroneous. *State v. Mead,* 105 S.W.3d 552, 556 (Mo.App.2003). If no manifest injustice would result, plain error review is inappropriate. *Id.* Here, the allegedly prejudicial testimony was very brief:

Q. Did Mr. Simms tell you why he began taking the cattle?

A. Financial problems.

The State did not elicit further testimony on the subject. However, Simms also testified on his own behalf concerning his financial status. Due to the brief nature of Martin's testimony, Simms's own testimony concerning his finances, and Simms's written statement that he had taken the victim's cattle, this court cannot conclude that Simms has met his burden of showing that a manifest injustice has resulted from the trial court's action. Relief under plain error review is denied.

### III.

Simms also claims that the trial court erred by admitting evidence of uncharged misconduct. He claims that there were three instances where the trial court made such an error: (1) the admission of testimony from four witnesses concerning an incident involving a cow marked V521; (2) the admission of Simms's written statement; and (3) the admission of records of sales conducted by Simms and testimony related to those records.

The trial court has broad discretion to admit or exclude evidence at trial, and its decision will be affirmed absent a clear abuse of discretion. *State v. Anglin,* 45 S.W.3d 470, 472 (Mo.App.2001). Generally, evidence of uncharged misconduct is inadmissible to show that the defendant has a propensity to commit such acts. *State v. Bernard,* 849 S.W.2d 10, 13 (Mo. banc 1993). Such evidence is admissible, however, if "the evidence is logically relevant, in that it has some legitimate tendency to establish directly the accused's guilt of the charges for which he is on trial, and if the evidence is legally relevant, in that its probative value outweighs its prejudicial effect." *Id.* (citations omitted). Falling under this exception is evidence that tends to establish: (1) motive; (2) intent; (3) the absence of mistake or accident; (4) identity; or (5) common scheme or plan. *Id.*

Simms contends that the trial court should not have admitted the testimony of four witnesses—Anthony Isaac, Philip Schrock, Bud Welborn, and Curtis Long—concerning a cow marked V521. The incident occurred when workers at the victim's ranch discovered a cow that had lost its identifying tag. Simms examined the cow and said that the cow was number V521. Despite being told that cow number V521 had already been sold, Simms ordered the cow to be re-tattooed as number V521.

Simms maintains that such testimony does not fall under the "common scheme or plan" or "intent" exception, as the State contends. Assuming, for the sake of argument, that the testimony concerning cow number V521 should have been excluded, Simms's claim must fail, because he cannot show that he was prejudiced by the admission of such testimony. *State v. Meder*, 870 S.W.2d 824, 831 (Mo. App.1993) ("Reversible error will not exist unless there is both an abuse of discretion by the trial court and prejudice to the defendant as a result of that abuse."). Again, there is no prejudice to the defendant when the allegedly improper evidence was merely cumulative to other evidence that was admitted without objection and established the same facts. *State v. Haddock*, 24 S.W.3d 192, 196 (Mo.App.2000).

Here, there were four different witnesses who testified about the incident involving cow number V521. Simms did not object to the testimony given by each of the four witnesses. Simms asserts that he asked for a continuing objection during Anthony Isaac's testimony and did not need to make an individual objection to each of the other witnesses' testimony. Simms's argument is wrong for two reasons. First, the trial court merely overruled Simms's initial objection and did not grant a continuing objection, which

prompted defense counsel to ask, "May we have a continuing objection to the testimony of this guy?" From the phrasing used by the defense, it appears that the defense only requested a continuing objection as to the testimony of "this guy" Anthony Isaac, not the other witnesses. Second, even if the continuing objection applied to the other witnesses following Anthony Isaac, it would not apply to any witnesses testifying before the continuing objection was granted. Prior to the State's examination of Anthony Isaac, both Philip Schrock and Bud Welborn testified about the V521 cow incident. Consequently, the testimony of both Schrock and Welborn would have already been admitted and any other similar evidence of the incident would have been merely cumulative.

Moreover, the evidence of the incident does fall under the "common plan or scheme" exception. This exception applies "when the evidence tends to show that the uncharged misconduct proceeds from a single plan formed in advance of both acts." *State v. Stewart*, 18 S.W.3d 75, 86 (Mo.App.2000). Here, the evidence supports the State's theory that Simms had misbranded the cow as V521 as part of a larger plan to cover-up his previous misappropriations of other cows.

Simms also contends that the trial court should not have admitted his written statement, because it contained references to uncharged criminal conduct. The statement indicates that Simms had sold 25–30 of the victim's cattle. Because he was only charged with the theft of eleven cows, Simms claims that admission of the entire statement constituted improper use of evidence of other crimes.

Simms's statement does not list individual offenses, nor does it delve into the specific details or circumstances of any specific crime—it is a general statement

concerning the total number of cows that he sold. He contends that the statement could have easily been redacted to refer only to the theft of the cows for which he was charged. Even assuming that the statement should have been redacted, the redaction would have no benefit to Simms. In his brief, Simms suggests that the statement could have been redacted to state, "Mr. Simms admitted selling cattle belonging to [the victim]." Assuming the statement had been redacted as Simms had desired, there would still be sufficient evidence for the jury to determine that Simms was in fact guilty of the crimes charged.

 Simms also contends that the trial court should not have admitted records of livestock sold by Simms or the testimony related to such records, since they were evidence of uncharged misconduct. However, the general prohibition against evidence of uncharged crimes or misconduct can only be invoked when the evidence shows that the defendant committed, had been accused of, has been convicted of, or definitely was associated with the crime. *State v. Stoner*, 907 S.W.2d 360, 364 (Mo. App.1995). The sale of livestock is not a crime, and, therefore, the evidence of such acts cannot be evidence of criminal conduct.[5] Point denied.

All concur.

---

5. Simms attempts to prove his point by arguing that the State's closing argument used these exhibits to imply that Simms had engaged in prior misconduct. However, this complaint is alleging improper closing argument and is different than alleging error in the admission of evidence. Moreover, vague references are not clear evidence associating a defendant with other crimes. *State v. Carr*, 50 S.W.3d 848, 854 (Mo.App.2001).